UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------ x

FRANK WILLIAMS,

                        Plaintiff,

-against-

THE CITY OF NEW YORK, DET.HECTOR RODRIGUEZ,UNDERCOVER #2540, SGT."JOHN" NEESSEN, DET. N. RODRIGUEZ, DET "JOHN" VENERO, DET. "JOHN" VERGELI, DET. "JOHN" HEANUE, DET "JOHN" GEIST, and P.O.s "JOHN" and "JANE DOE", #1-10, Individually and in their Official Capacities, (the names John and Jane Doe being factitious, as the true names are presently unknown),

                        Defendants.

------------------------------------------------------------------ x

**ANSWER**

07 CV 0553 (RJH)

**JURY TRIAL DEMANDED**

      Defendants Gearald Heanue, Janet Morales, Jon Neessen and Mitchell Geist, by their attorney, Michael A. Cardozo, Corporation Counsel of the City of New York, for their answer to the complaint, respectfully alleges, upon information and belief, as follows:

      1.     Deny the allegations set forth in paragraph "1" of the complaint, except admit that plaintiff purports to proceed as stated therein.

      2.     Deny the allegations set forth in paragraph "2" of the complaint, except admit that plaintiff purports to proceed as stated therein.

      3.     Deny the allegations set forth in paragraph "3" of the complaint, except admit that plaintiff purports to invoke the jurisdiction of this Court as stated therein.

      4.     Deny the allegations set forth in paragraph "4" of the complaint, except admit that plaintiff purports to base venue as stated therein.

5. Paragraph "5" of the complaint sets forth a demand for a demand for a jury trial, rather then an averment of fact, and accordingly no response is required.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint.

7. Deny the allegations set forth in paragraph "7" of the complaint, except admit that City of New York is a municipal corporation existing under the laws of the State of New York.

8. Deny the allegations set forth in paragraph "8" of the complaint, except admit that the City of New York maintains a Police Department, and respectfully refers the Court to the New York City Charter and the Administrative Code for the relationship between the City of New York and the New York City Police Department.

9. Deny the allegations set forth in paragraph "9" of the complaint, except admit, that Det. Hector Rodriguez, Det. N. Rodriguez, Det. Venero, Det. Vergeli, Det. Heanue, and Det. Geist, are employed by the City of New York as police detectives, Sgt. Neessen is employed by the City of New York as a police sergeant, Undercover # 2540 is employed by the City of New York as an undercover police officer and deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning "P.O.s John and Jane Does 1-10."

10. Paragraph "10" of the complaint contains conclusions of law rather than averments of fact and, accordingly, no response is required.

11. Deny the allegations set forth in paragraph "11" of the complaint, except state that the allegation that defendants were "acting within the scope of their employment" are conclusions of law rather then averments of fact, and accordingly, no response is needed.

12. Deny the allegations set forth in paragraph "12" of the complaint, except state that allegations that defendants were "acting in the furtherance of their employment" are conclusions of law rather then averments of fact, and accordingly, no response is required.

13. Deny the allegations set forth in paragraph "13" of the complaint.

14. Deny the allegations set forth in paragraph "14" of the complaint.

15. Deny the allegations set forth in paragraph "15" of the complaint, except admit that plaintiff was handcuffed and arrested on or about January 27, 2004.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the complaint.

17. Deny the allegations set forth in paragraph "17" of the complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the complaint.

19. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "19" of the complaint.

20. Deny the allegations set forth in paragraph "20" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning whether plaintiff was requested to make numerous court appearances.

21. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "21" of the complaint.

22. Deny the allegations set forth in paragraph "22" of the complaint.

23. In response to the allegations set forth in paragraph "23" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "22" inclusive of their answer, as is fully set forth herein.

24. Deny the allegations set forth in paragraph "24" of the complaint.

25. Deny the allegations set forth in paragraph "25" of the complaint.

26. Deny the allegations set forth in paragraph "26" of the complaint.

27. Deny the allegations set forth in paragraph "27" of the complaint.

28. Deny the allegations set forth in paragraph "28" of the complaint.

29. In response to the allegations set forth in paragraph "29" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "28" inclusive of their answer, as is fully set forth herein.

30. Deny the allegations set forth in paragraph "30" of the complaint.

31. Deny the allegations set forth in paragraph "31" of the complaint.

32. In response to the allegations set forth in paragraph "32" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" though "31" inclusive of their, as is fully set forth herein.

33. Deny the allegations set forth in paragraph "33" of the complaint.

34. Deny the allegations set forth in paragraph "34" of the complaint.

35. Deny the allegations set forth in paragraph "35" of the complaint.

36. In response to the allegations set forth in paragraph "36" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "35" inclusive of their answer, as is fully set forth herein.

37. Deny the allegations set forth in paragraph "37" of the complaint.

38. Deny the allegations set forth in paragraph "38" of the complaint.

39. Deny the allegations set forth in paragraph "39" of the complaint.

40. Deny the allegations set forth in paragraph "40" of the complaint.

41. Deny the allegations set forth in paragraph "41" of the complaint.

42. Deny the allegations set forth in paragraph "42" of the complaint.

43. Deny the allegations set forth in paragraph "43" of the complaint.

44. Deny the allegations set forth in paragraph "44" of the complaint.

45. Deny the allegations set forth in paragraph "45" of the complaint.

46. Deny the allegations set forth in paragraph "46" of the complaint.

47. Deny the allegations set forth in paragraph "47" of the complaint.

48. Deny the allegations set forth in paragraph "48" of the complaint.

49. Deny the allegations set forth in paragraph "49" of the complaint.

50. Deny the allegations set forth in paragraph "50" of the complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations concerning the disposition of any criminal charges brought against plaintiff.

51. In response to the allegations set forth in paragraph "51" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" though "50" inclusive of their answer, as is fully set forth herein.

52. Deny the allegations set forth in paragraph "52" of the complaint, except admit that plaintiff was arrested on or about January 27, 2004.

53. Deny the allegations set forth in paragraph "53" of the complaint.

54. Deny the allegations set forth in paragraph "54" of the complaint.

55. Deny the allegations set forth in paragraph "55" of the complaint.

56. In response to the allegations set forth in paragraph "56" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "55" inclusive of their answer, as is fully set forth herein.

57. Deny the allegations set forth in paragraph "57" of the complaint.

58. Deny the allegations set forth in paragraph "58" of the complaint.

59. Deny the allegations set forth in paragraph "59" of the complaint.

60. Deny the allegations set forth in paragraph "60" of the complaint.

61. In response to the allegations set forth in paragraph "61" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" through "60 inclusive of their answer, as is fully set forth herein.

62. Deny the allegations set forth in paragraph "62" of the complaint.

63. Deny the allegations set forth in paragraph "63" of the complaint.

64. Deny the allegations set forth in paragraph "64" of the complaint.

65. In response to the allegations set forth in paragraph "65" of the complaint, defendants repeat and reallege the responses set forth in paragraph "1" though "64" inclusive of their answer, as is fully set forth herein.

66. Deny the allegations set forth in paragraph "66" of the complaint.

67. Deny the allegations set forth in paragraph "67" of the complaint.

68. Deny the allegations set forth in paragraph "68" of the complaint.

69. Deny the allegations set forth in paragraph "69" of the complaint.

70. Deny the allegations set forth in paragraph "70" of the complaint.

71. Deny the allegations set forth in paragraph "71" of the complaint.

72. Deny the allegations set forth in paragraph "72" of the complaint.

73. Deny the allegations set forth in paragraph "73" of the complaint.

74. Deny the allegations set forth in paragraph "74" of the complaint.

75. Deny the allegations set forth in paragraph "75" of the complaint.

76. Deny the allegations set forth in paragraph "76" of the complaint.

77. Deny the allegations set forth in paragraph "77" of the complaint.

78. Deny the allegations set forth in paragraph "78" of the complaint, and all its subparts.

79. Deny the allegations set forth in paragraph "79" of the complaint.

### AS AND FOR A FIRST AFFIRMATIVE DEFENSE:

80. The complaint fails to state a claim upon which relief can be granted.

### AS AND FOR A SECOND AFFIRMATIVE DEFENSE:

81. Defendants Steven Gearald Heanue, Janet Morales, Jon Neessen and Mitchell Geist have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof.

### AS AND FOR A THIRD AFFIRMATIVE DEFENSE:

82. At all times relevant to the acts alleged in the complaint, defendants Gearald Heanue, Janet Morales, Jon Neessen and Mitchell Geist acted reasonably in the proper and lawful exercise of its discretion.

### AS AND FOR A FORTH AFFIRMATIVE DEFENSE:

83. Any injury alleged to have been sustained resulted from plaintiff's own culpable or negligent conduct and/or by the intervening conduct of 3rd parties, and was not the proximate result of any act of the defendants Gearald Heanue, Janet Morales, Jon Neessen and Mitchell Geist.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE:

84. This action is barred in whole or in part by the applicable statute of limitations.

### AS AND FOR A SIXTH AFFIRMATIVE DEFENSE:

85. Plaintiff has failed to comply with New York General Municipal Law § 50-e.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE:

86. This action is barred in whole or in part by the doctrines of *res judicata* and/or collateral estoppel.

### AS AND FOR A EIGHTH AFFIRMATIVE DEFENSE:

87. Plaintiff may have failed to satisfy the conditions precedent to suit.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE:

88. Defendants Gearald Heanue, Janet Morales, Jon Neessen and Mitchell Geist have not violated any clearly established constitutional or statutory rights of which a reasonable person would have known and therefore, are entitled to qualified immunity.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE:

89. There was probable cause for the plaintiff's arrest, detention and prosecution.

### AS AND FOR A ELEVENTH AFFIRMATIVE DEFENSE:

90. Plaintiff cannot obtain punitive damages as against the City of New York.

**WHEREFORE,** defendants Gearald Heanue, Janet Morales, Jon Neessen and Mitchell Geist request judgment dismissing the complaint in its entirety, together with the costs and disbursements of this action, and such other and further relief as the Court may deem just and proper.

Dated:   New York, New York
         July 31, 2007

                    MICHAEL A. CARDOZO
                    Corporation Counsel of the
                      City of New York
                    Attorney for Defendants Gearald Heanue, Janet
                    Morales, Jon Neessen and Mitchell Geist
                    100 Church Street, Room 3-209
                    New York, New York 10007
                    (212) 788-1096

By: _____
        SUMIT SUD (SS 2781)
        Assistant Corporation Counsel

cc:   Rose Weber, Esq.
      225 Broadway, Suite 1608
      New York, New York  10007

Index No. 07-CV-0553 (RJH)

| UNITED STATES DISTRICT COURT |
| SOUTHERN DISTRICT OF NEW YORK |

FRANK WILLIAMS,

                                       Plaintiff,

-against-

THE CITY OF NEW YORK, DET.HECTOR RODRIGUEZ, UNDERCOVER #2540, SGT. "JOHN" NEESSEN, DET. N. RODRIGUEZ, DET "JOHN" VENERO, DET. "JOHN" VERGELI, DET. "JOHN" HEANUE, DET "JOHN" GEIST, and P.O.s "JOHN" and "JANE DOE", #1-10, Individually and in their Official Capacities, (the names John and Jane Doe being factitious, as the true names are presently unknown),

                                       Defendants.

**ANSWER**

*MICHAEL A. CARDOZO*
*Corporation Counsel of the City of New York*
*Attorney for Defendants*
*100 Church Street, Room 3-209*
*New York, N.Y. 10007*

*Of Counsel: Sumit Sud*
*Tel: (212) 788-1096*
*NYCLIS No.*

Due and timely service is hereby admitted.

New York, N.Y. ............................................., 2007 . . .

..............................................................................Esq.

Attorney for ...........................................................................

1